IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:03-CR-69 |
| | ) | |
| NOLAN DENNIS | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for a writ of error *corum nobis* [doc. 34]. The government has not responded to the motion within the time allowed, and the motion is ripe for the court's consideration. For the reasons discussed below, the defendant's motion will be denied.

The defendant pled guilty to four counts of bank fraud (18 U.S.C. § 1344(1)), each involving the theft of $601.00 belonging to another customer of the Knoxville Post Office Credit Union. Altogether, however, there were 170 unlawful withdrawals resulting in a loss of $26,653.00 to the Credit Union.[1]

The defendant was sentenced to one day imprisonment and five years of supervised release. His supervised release was revoked on October 13,

---

[1] The defendant's own account had an accumulated balance of $4,449.98, which was applied to the other customer's account resulting in a total loss of $22,203.02. This is the amount of restitution the defendant was ordered to pay to the Credit Union.

2004, and he agreed to serve sixteen months in prison with twelve months of supervised release. His term of supervised release expires in January 2007.

In his brief, the defendant argues that the court erred when it required him to pay $22,203.02 in restitution because this amount exceeded the loss related to the actual counts of conviction, and the court erred in allowing the probation officer to calculate his monthly restitution payments. He specifically denies that he is attacking his plea agreement.

A writ of error *corum nobis* "is available to a convicted criminal at any time following the entry of judgment against him." *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984). However, the writ may be sought only after the challenged sentence has been completely served. *Id.* Otherwise, the defendant must rely on a writ of *habeas corpus*.[2] *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (if the more usual remedy of a habeas petition is available, the writ of error *corum nobis* is not).

In this case, the defendant has not completely served the sentence imposed. A defendant serving a term of supervised release is considered to be "in custody" for purposes of *habeas corpus* relief. *See Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Matus-Leva*, 287 F.3d at 761; *Scanio v. United States*, 37 F.3d

---

[2] The court notes that in his plea agreement, the defendant specifically waived his rights to file any post-conviction motions pursuant to 28 U.S.C. § 2255.

858, 860 (2d Cir. 1994). Therefore, since the defendant is still "in custody," the writ of error *corum nobis* is not available to him.

In any event, the court finds that the defendant's assignments of error are not well taken. In order to establish a right to a writ of error *corum nobis*, the defendant must establish: (1) an error of fact, (2) unknown at the time of trial, (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Flippins*, 747 F.2d at 1091. Not only was there no error committed concerning the order of restitution, it is clear from the plea agreement signed by the defendant that the parties were aware of these issues and specifically considered them.

The general rule is that a defendant may be ordered to pay restitution only on the loss related to the offenses of conviction. *See Hughey v. United States*, 495 U.S. 411, 416 (1979); *United States v. Guardino*, 972 F.2d 682, 687 (6th Cir. 1990). However, by statute a "court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). In this case, the defendant's plea agreement provides, in relevant part, as follows: "The defendant further agrees to make restitution in an amount to be determined by the Court in accordance with 18 U.S.C. §§ 3663 and 3663(a) and § 5E1.1, U.S.S.G." The defendant further agreed that he made 170 unlawful withdrawals of money from the Knoxville Post Office Credit Union and that the total loss was $26,653. Finally, he agreed to the following statement, "Mr. Dennis stated that it was his desire to

3

cooperate with the investigation and that it was his intention to make restitution to the KPOCU for the money he obtained." Thus, the defendant agreed to make restitution for the total loss, not just the loss related to the offenses of conviction, and his first assignment of error must fail.[3]

The defendant's second assignment of error also fails because the defendant specifically agreed in his plea agreement as follows:

> If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office **will have the authority to establish payment schedules to ensure payment of the fine and/or restitution**.

Therefore, even though the court finds that the writ of error *corum nobis* is not available to the defendant, his assignments of error would not entitle him to relief in any event. It is hereby **ORDERED** that the defendant's motion is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge

---

[3] Limiting the defendant's charges to four was definitely in the defendant's best financial interest. Had he been charged with 170 unlawful withdrawals, the court would have ordered him to pay $17,000 in special assessments in addition to the full amount of restitution. See 18 U.S.C. § 3013(a)(2).